BESTAK, Respondent, v. BENNETT, Appellant.

(184 N. W. 359.)

(File No. 4935.    Opinion filed, August 31, 1921.    Rehearing denied November 22, 1921.)

1. **Jury—Verdict by Three-fourths of Jury—Counterclaim Not Cognizable in Justice Court—Appeal From Municipal Court, Whether Constitution Applicable.**

    Where an action, begun in the municipal court of Sioux Falls, involved a counterclaim for $173, defendant having appealed to circuit court, trial judge having instructed that nine of the jurors could return a verdict in the case, verdict having been returned for plaintiff for $33, the amount of his claim, with interest; the foreman having stated to court that nine jurors had voted on first ballot in favor of the verdict, "and then made it unanimous;" held, construing Const. Art. 6, Sec. 6, providing that Legislature may provide for decision of civil cases by three-fourths of jury in any court. and Sec. 2516, Code 1919, providing that in all civil actions cognizable by Justice of the Peace, except, etc., tried in circuit court or county court, verdict may be rendered by three-fourths of jury,—that while plaintiff's cause of action was cognizable by Justice of the Peace, yet the counterclaim could not have been filed in such court, though filable in municipal court.

2. **Same—Whether Action Tried in Circuit Court on Appeal From Municipal Court Cognizable by J. P.—Erroneous Instruction.**
    Said action, originating in the municipal court and tried on appeal in circuit court, was not cognizable by a Justice of the Peace, and court's instruction to jury was erroneous.

3. **Same—Whether Nine Jurors Agreed Because So Instructed, Failure to Ask That Question, Non-prejudicial Error Resulting.**
    As to whether such erroneous instruction was prejudicial, depends on whether the three jurors agreed with the nine jurors solely because of court's instruction; and since from the record Court is unable to answer that question, held, that if defendant desired to lay foundation for prejudicial error, he should have asked trial court to propound that or a similar question to jury; and prejudicial error does not affirmatively appear.
    Whiting, J., not sitting.

Appeal from Circuit Court, Minnehaha County. Hon. LOUIS L. FLEEGER, Judge.

Action by M. Bestak, against J. B. Bennett, to recover $33 alleged to have been overpaid by plaintiff by mistake in settling a debt due defendant; defendant counterclaiming for $173. From a judgment for plaintiff in the municipal court of Sioux Falls, defendant appealed to the circuit court; from a judgment in which latter court for plaintiff, defendant appeals. Affirmed.

*Kirby; Kirby & Kirby,* for Appellant.

No appearance for Respondent.

GATES, J. This action was begun in the municipal court of Sioux Falls to recover the sum of $33 alleged to have been overpaid by plaintiff by mistake in settling a debt due defendant. The defendant denied the allegations of the complaint, and pleaded a counterclaim in the sum of $173. Plaintiff was successful in that court, and defendant appealed to the circuit court. The circuit court instructed the jury as follows:

"In this case, gentlemen, the court will say to you that nine of you can return a verdict; that is to say, whenever nine or more of you agree upon a verdict, you will come back into court and render your verdict."

The jury returned a verdict in favor of the plaintiff in the sum of $33, with interest. The court then asked the foreman of the jury how many of the jurors voted in favor of the verdict:

"A. Nine, and then made it unanimous.

"Q. By the Court: On the first ballot nine? A. Nine.

"Q. And then all voted?   A. all.

"Q. In favor of this verdict? A. Yes, sir.

"Q. So say you all, gentlemen?   A. Yes, sir."

From the judgment entered pursuant to the verdict defendant has appealed, assigning as error the above instruction.

The Constitution of this state (section 6, art. 6) provides that the Legislature may provide for the decision of civil cases by three-fourths of the jury in any court. Pursuant thereto the Legislature enacted the provision now embodied in section 2516, Rev. Code 1919, viz:

"In all civil actions cognizable by a justice of the peace, except actions for the forcible entry and detainer, or detainer only, of real property, tried in the circuit or county court, the verdict may be rendered by three-fourths of the jury in the manner provided in the succeeding section."

[1] In so far as plaintiff's cause of action is concerned, the action was one cognizable by a justice of the peace, but a counterclaim in a sum exceeding $100 could not have been filed in a justice court. The counterclaim filed in this case was permissible in the municipal court.

[2] We are entirely satisfied that the action as tried in the circuit court was not one cognizable by a justice of the peace, and therefore that the court erred in giving the above instruction. The remaining question is, Was the error prejudicial?

[3] Did the three jurors agree with the nine solely because of the instruction of the court? From the record we are unable to answer that question. The answer may easily be in the affirmative or in the negative. If the defendant desired to lay a foundation for prejudicial error he should have asked the trial court to propound that question, or a similar one, to the jury. As it is prejudicial error does not affirmatively appear. Therefore the judgment must be, and it is, affirmed. Mundon v. Greenameyer, 44 S. D. 440, 184 N. W. 257.

WHITING, J., not sitting.